UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TERRELL JOHNSON** | * | **CIVIL ACTION NO. 15-2773** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **UNION PACIFIC RAILROAD COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion in Limine, [doc. #32], filed by Plaintiff Terrell Johnson. For reasons assigned below, the motion is GRANTED.[1]

### Background

On August 17, 2015, Terrell Johnson ("Johnson") filed the instant complaint against Union Pacific Railroad Company ("Union Pacific") alleging that Johnson, in the course of his employment with Union Pacific, suffered injuries while manually installing wooden railroad crossties on April 14, 2015, in Chickasha, Oklahoma. [doc. #1, pp. 2-3]. The Complaint asserts that Plaintiff's claim arises under the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). *Id.* ¶ 10.

On October 12, 2016, Plaintiff filed the instant Motion in Limine seeking to bar (1) any reference by Union Pacific regarding Plaintiff's receipt of medical benefits from third parties; and (2) any reference to the doctrine of assumption of risk or any and all allegations by Union Pacific that

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Johnson assumed the risks of his employment. [doc. #32]. Union Pacific filed an opposition on November 3, 2016. [doc. #34]. The matter is now before the Court.

## Analysis

### I. References to Johnson's Receipt of Medical Benefits

Under the collateral source doctrine, Johnson seeks to bar any reference by Union Pacific to medical benefits already paid to him by third parties, such as medical insurance, U.S. Railroad Retirement Board sickness benefits, and private disability benefits. [doc. #32, p. 3]. Union Pacific does not oppose this portion of the motion; rather, Union Pacific argues that it "should be allowed to present evidence that plaintiff's medical expenses have been paid if Plaintiff or any of his experts raise this issue." [doc. #34, p. 1]. Therefore, Johnson's Motion in Limine to bar any reference to his receipt of medical benefits from a third party is **GRANTED.** If Johnson opens the door at trial, Union Pacific will have the opportunity to provide rebuttal evidence.

### II. References to the Doctrine of Assumption of Risk

Johnson seeks to bar any and all reference to the doctrine of assumption of risk or any allegations by Union Pacific that Johnson assumed the risk of his employment by installing crossties in the manner directed to do so by his supervisor. [doc. #32, p. 6]. A Pre-Trial Conference with both parties was held on November 10, 2016, before the undersigned Magistrate Judge. The Parties are in agreement that the doctrine of assumption of risk does not apply in this case. *See* 45 U.S.C. § 54; *CSX Transp., Inc. v. McBride*, 554 U.S. 685, 708 (2011). Thus, Johnson's Motion in Limine to bar any reference to the doctrine of assumption of risk is **GRANTED**. If, during trial, an argument is raised that evidence presented amounts to "assumption of risk evidence," Judge James will rule on the issue at that

time.

In Chambers, Monroe, Louisiana, this 10th day of November, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE